BRADLEY, Judge
(concurring specially):
I concur in the conclusion that the judgment of the trial court is inconsistent in its terms. I suggest, however, that the incon *237 sistency in the judgment goes further than mere speculation that the trial court was not “clearly convinced” by the evidence that the children’s best interests required termination of parental rights.
Section 12-15-71, Code 1975, provides:
“(a) If a child is found to be dependent, the court may make any of the following orders of disposition to protect the welfare of the child:

“(6) In appropriate cases, award permanent custody to the department of pensions and security or to a licensed child-placing agency with termination of parental rights and authorization to place for adoption, without appointing a legal custodian or guardian or guardian of the person, or award temporary custody to the same without appointing a legal custodian or guardian or guardian of the person.” (Emphasis ours.)
An award of permanent custody to the department of pensions and security, with termination of parental rights and the authorization to place the child for adoption, is the most severe disposition of a child custody situation that the court could make as far as the natural parent is concerned. Such an award of permanent custody, as opposed to an award of temporary custody, necessarily precludes the parent from later attempting to reestablish his or her visitation privileges, right to custody, or other parental rights with the child or children in question. See Glover v. Alabama Department of Pensions & Security, 401 So.2d 786 (Ala.Civ.App.1981).
The trial court in the present case may not award, on the one hand, permanent custody of the children to the department of pensions and security, along with the attendant termination of parental rights and authorization to place the children for adoption, and then turn around and give the department the discretion to “relocate” the children with the parents as it sees fit, which, foreseeably, could occur the very next day. Such an allowance is totally inconsistent with termination of parental rights and an award of permanent custody to the department.
I therefore agree that the trial court’s judgment must be reversed and the cause remanded so that the inconsistencies in its judgment can be reconciled.